Filed 3/1/22  P. v. Herrera CA2/7
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY HERRERA,<br><br>Defendant and Appellant. | B301607<br><br>(Los Angeles County<br>Super. Ct. No. TA066571) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Patrick E. Connolly, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Charles S. Lee and

Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Herrera, convicted after a jury trial in 2004 of attempted murder and robbery, appealed the summary denial of his petition for resentencing under Penal Code section 1170.95,[1] contending the superior court had erred in ruling section 1170.95 did not apply to attempted murder and denying his petition without appointing counsel and conducting a hearing at which the parties could present evidence. We affirmed the order based on prior decisions from this and other courts of appeal that had rejected identical arguments.

After granting Herrera's petition for review, the Supreme Court transferred the case to us with directions to vacate our prior decision and reconsider Herrera's appeal in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

In supplemental briefing Herrera argues, based on the new legislation and the Supreme Court's decision in *Lewis*, the case should be remanded for the superior court to appoint counsel, issue an order to show cause and conduct an evidentiary hearing. The Attorney General agrees section 1170.95 resentencing relief is now available to certain individuals convicted of attempted murder and it was error not to appoint counsel following Herrera's filing of a facially sufficient petition. However, the Attorney General contends those errors were harmless and no remand is necessary because Herrera was convicted as a direct perpetrator of the attempted murder and is ineligible for

---

[1] Statutory references are to this code.

resentencing relief as a matter of law.  We agree and affirm the postjudgment order denying Herrera's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

As summarized in our opinion on direct review affirming Herrera's convictions for attempted murder (§§ 187, subd. (a), 664) and second degree robbery (§ 211), the evidence at trial established that Herrera, acting alone, robbed Federico Mendez at gunpoint and then shot him when he said he had no more money.  Mendez required surgery for the gunshot wound to his stomach. (*People v. Herrera* (Feb. 14, 2006, B173384) [nonpub. opn.].)  In addition to convicting Herrera of attempted murder and robbery, the jury found true special allegations Herrera had personally used a firearm during the offenses (§ 12022.53, subds. (b) & (d)).  Following a remand by this court to correct sentencing error, the trial court sentenced Herrera to an aggregate indeterminate state prison term of 40 years to life.  We affirmed the judgment.  (*People v. Herrera* (Dec. 18, 2007, B194531) [nonpub. opn.].)

On August 22, 2019 Herrera, representing himself, filed a petition for resentencing under section 1170.95.  Checking boxes on the preprinted form petition, Herrera declared under penalty of perjury that he had been convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine.  Herrera requested appointment of counsel during the resentencing process.

The superior court summarily denied the petition on September 3, 2019, ruling Herrera was ineligible for resentencing as a matter of law because he had not been convicted of murder.

Herrera filed a timely notice of appeal, and we affirmed the postjudgment order in our prior opinion.

# DISCUSSION

1. *Senate Bill No. 1437, Senate Bill 775 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437) substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis*, *supra*, 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.) As amended by Senate Bill 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)),[2] and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and

---

[2] Prior to enactment of Senate Bill 775 the requirement to appoint counsel was set forth in subdivision (c) of section 1170.95.

determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecutor has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The court may consider evidence previously admitted at any prior hearing or trial "that is admissible under current law," including testimony and stipulated evidence. (*Ibid.*) The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid.*)

2. *The Error in Denying Herrera's Petition Without Appointing Counsel Was Harmless*

Under *Lewis*, *supra*, 11 Cal.5th 952, decided two months after our original decision affirming the order summarily denying Herrera's petition for resentencing, once a petitioner files a facially sufficient petition under section 1170.95 and requests appointment of counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c). (*Lewis*, at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon filing of a compliant petition"].) And among other changes, Senate Bill 775 amended section 1170.95, subdivision (a), to expressly permit relief for petitioners convicted of "attempted

murder under the natural and probable consequences doctrine" if they could not now be convicted of attempted murder because of changes to sections 188 and 189 effected by Senate Bill 1437. In light of *Lewis* and Senate Bill 775, it was error to summarily deny Herrera's petition for resentencing relief. However, a remand is not necessary in this case.

Although the superior court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis, supra,* 11 Cal.5th at page 971, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." The *Lewis* Court also held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 957, 973-974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.)

As discussed, the record of conviction, including the jury's finding that Herrera had personally and intentionally discharged a firearm proximately causing great bodily injury during the attempted murder, established that Herrera, acting alone, robbed Mendez and then shot him when Mendez said he had no more money. Indeed, in his supplemental brief following the Supreme

6

Court's transfer order, Herrera acknowledges he "robbed and shot the victim." As the sole perpetrator of the two offenses, Herrera is ineligible for resentencing relief under section 1170.95 as a matter of law because he remains guilty of attempted murder under California law as amended by the changes to sections 188 and 189 made by Senate Bill 1437 and Senate Bill 775. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 [petitioner is ineligible for relief as a matter of law if the record of conviction establishes he or she was not convicted under a theory of liability affected by Senate Bill 1437's amendments to the law of murder].)

Because there is no reasonable probability Herrera would obtain a more favorable result if the matter were remanded and counsel appointed and given the opportunity to file a memorandum supporting the petition, the court's errors in denying Herrera's petition were harmless. (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

## DISPOSITION

The order denying Herrera's petition for resentencing is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

7